No. 899

MacMAHON v. MacMAHON et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1365.    Decided Oct. 8, 1925

389. DESCENT & DISTRIBUTION —1. Where husband and wife die intestate the property going to their brothers and sisters, under 8577 GC., should not be held to be confused and commingled by application of 8581 GC. providing for descent at the death of such brothers and sisters.

2. Children of each of the brothers take per stirpes, that is, the share of their deceased parents.

BY THE COURT.

Benjamin Huntington was the original owner of the property involved in this case. He died intestate in 1903, and without issue, the estate descending under 8575 GC., to his wife Sarah Huntington. She died in 1924, intestate, and without issue, and the real estate in question descended, under 8577 GC., one-half to the colaterals of her blood and one-half to the collaterals of her deceased husband.

No controversy exists among the kindred of the deceased, Sarah Huntington, as to the one-half of the estate taken by them, but it is among the representatives of the blood of the deceased husband, Benjamin Huntington.

The brothers and sisters of the deceased husband were dead and there were eight nephews and nices to whom that portion of the estate descends. Seven of these are the children of the one brother and one is the child of another brother of the deceased husband. The question is, shall the nephews and nieces take per stirpes or per capita? Counsel for appellants rely upon 8581 GC. which reads as follows: "When all the descendents of an intestate, in a direct line of descent, are of an equal degree of consanguinity to the intestate, whether children, grandchildren, or great grandchildren, or of a more remote degree of consanguinity to such intestate, the estate shall pass to such

persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be." It is further claimed that this section should be read into and made part of the construction of 8577 GC. and that the various nephews and nieces of the deceased husband should share in the estate per capita. The Court of Appeals held:

1. The intestate here is Sarah Huntington, and the descent, so far as it relates to the blood of her deceased husband, is statutory.

2. There is therefore no consanguinity between the decedent and the brothers and sisters or their representatives of the deceased husband. Section 8581 GC. can not apply to the descent form the intestate to the collateral kindred of her deceased husband.

3. It is asserted that the statute can be applied in determining the collateral kindred of the deceased husband and the portions to which they would be entitled. The Legislature might have so provided in the enactment of 8577 GC.

4. The Legislature vests the estate where there is no direct issue in "the brothers and sisters of such deceased husband or wife from which such personal or real property came or their legal representatives". The Legislature by not going back to the deceased husband evidently undertook to establish a new descent in the brothers and sisters of the deceased husband and 8581 GC. would not apply to separate or qualify the estate expressly vested in the brothers or sisters of the deceased husband.

5. Section 8581 GC. could therefore apply to descent only after it leaves each of the brothers and sisters. The statute can not be held to confuse or commingle the estates expressly granted to each of the two brothers so as to make one group in the descendants of both.

6. The seven children would therefore take the individed one-half and the one child would take the other one-half of the moiety of the estate which descended under 8577 GC. to the kindred of the deceased husband.

Decree accordingly.

Attorneys—Francis H. Game and Oscar W. Newman for Richard MacMahon; Arnold, Wright and Harlor for Laura MacMahon et al; all of Columbus.