BRUCE, EXR., v. WARREN ET AL.

*Wills—Residuary devise to son of testatrix's half-sister—And to children of husband's brother—Residuum passes in proportionate shares and not by halves.*

Residuary clause, devising residue of testatrix's estate to son of testatrix's half-sister and to children of husband's brother, *held* to grant to each a proportionate share and not one-half to child of sister with other half to be divided between children of husband's brother, in view of other provisions indicating desire that each child should share equally.

(Decided March 1, 1926.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. M. C. Slutes,* for plaintiff.
*Mr. C. J. McDiarmid, Mr. Joseph O'Meara, Jr., Messrs. Dolle, O'Donnell, Geisler & Cash,* and *Mr. Albert D. Cash,* for defendants.

HAMILTON, J. This case is here on appeal from a judgment of the court of common pleas construing the will of Georgiana L. Howe, deceased. The contention grows out of the residuary clause of the will, which is as follows:

"The residue of my estate, I bequeath and devise to Arthur Kirke Warren, the son of my half-sister, the late Mrs. Samuel Warren, and to the children of John H. Howe, late of Rochester, N. Y., living at my decease, and to the issue of any deceased child of said John H. Howe, such issue to take by right of representation."

It is stipulated that John H. Howe, a brother of the testatrix's husband, died prior to the testa-

trix, and that said John H. Howe had three children, namely, John B. Howe, married, Mary Howe Chase, married, and Eva L. Howe, unmarried, all of whom were living at the time of the testatrix's death and are still living.

It is further stipulated that Arthur Kirke Warren is still living and is the son of Mrs. Samuel Warren, deceased, who was the half sister of the testatrix.

The claim of Arthur Kirke Warren is that under the residuary clause of the will he is devised one-half the residue; the other one-half to go to the children of John H. Howe, as a class.

John B. Howe, Mary Howe Chase, and Eva L. Howe, the children of John H. Howe, claim the devise is to them *per capita,* that is, one-fourth of the residuum to Arthur Kirke Warren, and one-fourth to each of said children of John H. Howe.

The question then is as to the distribution of the residuum under the terms of the will.

Many cases are cited by counsel for all the parties, wherein the courts have construed wills, but, as is usually the case, they give little aid in arriving at the intention of the testator in any particular will. The pole star is the intention of the testator, to be gleaned, if possible, from the will itself. The Supreme Court of Ohio has held that where it is impossible to determine the intention of the testator, the statute of descent and distribution may be invoked as a guide; this, in effect, holding, as to the particular property involved, that the testator dies intestate, which is illogical. However, we are not driven to that extremity in determining the intention of the testatrix from the will under construction.

It will be noted that in the residuary clause the testatrix provides that the issue of any deceased child of John H. Howe should take by right of representation. This would indicate that the testatrix knew what was meant by taking by right of representation. With this knowledge, it would seem reasonable that if the testatrix had intended that the children of John H. Howe should take one interest as a class, she would have so designated in express terms.

Further, we find in paragraph 6 that the testatrix gives to John B. Howe, her husband's nephew, $16,000; to Mary E. Chase, a niece of her husband, and her son, the sum of $16,000; and she gives to Arthur Kirke Warren, the son of her half-sister, $16,000. She also gives to Eva Loomis Howe, her husband's niece, who was unmarried, $10,000. All of which indicates that she was endeavoring to make Arthur Kirke Warren, John B. Howe, Mary E. Chase and her family, and Eva Loomis Howe, share approximately equally in her estate. In this she may have been influenced by the fact that the corpus of the estate involved came to the testatrix by will from her deceased husband.

We therefore hold the intention of the testatrix and the proper construction of the residuary clause in question to be that Arthur Kirke Warren takes one-fourth; John B. Howe, one-fourth; Mary Howe Chase, one-fourth; and Eva L. Howe, one-fourth.

*Decree accordingly.*

BUCHWALTER, P. J., and CUSHING, J., concur.