**FERGUSON et v GASKILL, Admr et**

Ohio Appeals, 2nd Dist, Darke Co

No 419.   Decided Jan 7, 1933

Hughes and Rogers, Lima, for plaintiff in error.

W. W. Teegarden, Greenville, for the Administrator.

D. L. Gaskill, Administrator, Greenville, and Charles W. Folkerth, Dayton, for B. E. Harnish et.

ALLREAD, J.

The question for construction depends upon Item II of the will.  This item is as follows:

"Item Second:—After my death $1000.00 shall go to the Heidelberg University, Tiffin, Ohio, and $1000.00 to the Union Reformed Seminary, Dayton, Ohio.  The income of whatever remains after the above is paid shall go to J. C. Harnish and Mary J. Harnish.  After their death, the heirs of my brothers, Samuel and John Harnish."

There is no doubt that this item is not definite and is susceptible to the different constructions placed thereon.  The amount of the fund was that left after the payment of the two specific legacies of $1000.00 each was designated as the remainder and required to be invested.  The income is required to be paid to J. C. Harnish and Mary J. Harnish during their lives and the life of the survivor.  It is reasonable to assume from the language used that the entire amount remaining after the death of the survivor of J. C. Harnish and Mary J. Harnish is to be distributed according to the last sentence of Item Second, "to the heirs of my brothers Samuel and John Harnish." This is the natural presumption from the will and codicil and it also arises from the

presumption of law that the testator intended in the absence of language indicating a contrary intention to dispose of his entire remaining estate.

The next question relates to the gift to the heirs of the brothers of the decedent and as to the apportionment to each. At the time this will was drawn both Samuel Harnish and John Harnish were still surviving and it is provided for a distribution to the heirs of the two brothers. At the time the will becomes effective upon the death of the testator these two brothers had died and their heirs could be definitely ascertained. The learned lawyers for the different devisees, do not agree as to the amount to be paid to each class and to each individual. We therefore go into the rules of construction and the authorities upon this subject.

Counsel refer the court to the case of **Stearns v Brandeberry, 9 Oh Ap, 300,** and a recent case from the Toledo Circuit of Bolinger v Hall. In both of these cases the devise to the children is limited by certain phraseology which is not found in the present will. We are therefore required to discard both cases.

Counsel in their briefs also cite the case of **Mooney v Purpus, Exr., 70 Oh St, 57.** This is a well considered case and the holding is that the words "lawful heirs" in that case take per capita and not per stirpes. This is largely the result of the language used in that will.

The case of **Wilberding, Admr. v Miller, 90 Oh St, 28,** is a limitation to the words "per stirpes," and while there is some discussion by the court that might be applicable to the case at bar, we find that this case itself is not an authority which would govern the discussion here.

In the case of **Jones v Lloyd, 33 Oh St, 572,** where the term "heirs" was used in the will, it is held that the term is a flexible term and should be so construed to give effect to the manifest intention of the testator under his will.

In the case of **Cultice v Mills, 97 Oh St, 112,** where the word "heirs" was used in the will, it was held to be used in the sense of children and not in its technical sense.

A still more recent case is found in the **110 Oh St, 154, Hasse v Morrison.** In this case the word "heirs" is construed practically and to subserve the provisions of the will.

See also the case of **Wunnemann v Martens, 17 Oh Ap 81, Bruce, Exr. v Warren, 22** Oh Ap, 41, (4 Abs 348), and **Broermann v Kesseling, 6 Oh Ap, 7.**

From these authorities we reach the conclusion that the word "heirs" as used in Item Second of this will in reference to the brothers of the decedent should be construed as "children" and divided per capita and not strictly as heirs and that each of the children should take the one-ninth of the residuum of the estate. This is in accordance with the judgment of the Court of Common Pleas and that judgment should be affirmed.

HORNBECK and KUNKLE, JJ, concur.