**BOBLETT et, Plaintiffs, v. BARBEE, Defendant.**

Common Pleas Court, Franklin County.

No. 188706. Decided May 7, 1954.

Charles J. Chastang, Columbus, for plaintiffs.
Theodore L. Horst, Columbus, for defendant.

### OPINION

By CLIFFORD, J.

This is an action brought to construe the last Will and Testament of George W. Gordon, a resident of Franklin County, Ohio, who died on December 28, 1896, leaving as his sole surviving heirs four children, namely Seymour Gordon, Sarah C. Barbee, Alice J. Lindig and Martha A. Hennis.

In the fourth item of his will, George W. Gordon devised an estate to his wife, Elizabeth Gordon, terminable at her remarriage or at her death, in certain real property situated in Pickaway County, Ohio, consisting of about 118½ acres of land.

The will further provides that testator's daughter, Martha A. Hennis, should succeed to a life estate in the west half of the subject property at the re-marriage or death of his wife, Elizabeth Gordon. The will provides also that testator's

daughter, Alice J. Lindig, should succeed to a life estate in the east half of the property at the re-marriage or death of testator's wife. The testator's wife, Elizabeth Gordon, predeceased him, having died on November 13, 1887, and at testator's death on December 28, 1896, the subject property was divided, each of the two before-mentioned daughters succeeding to a life estate in the east and west portions respectively. The two other children of the testator were provided for by other provisions of the will.

The sixth item of the will of George W. Gordon provides among other things, that in the event his daughter, Alice J. Lindig, should die without leaving any children surviving or their legal representatives, then the real estate in which he devised a' life estate to his daughter, Alice J. Lindig, should be divided equally among his children then 'living or their legal representatives. Alice J. Lindig, daughter of testator, died on December 13, 1952, leaving no issue, and at her death her brother, Seymour Gordon, and her sisters, Martha A. Hennis and Sarah C. Barbee, the children of testator, all had predeceased her.

The plaintiffs are: seven grandchildren and four great-grandchildren of the testator, George W. Gordon. the seven grandchildren claiming a one-ninth undivided interest, and the four great-grandchildren claiming a one-thirty-sixth of the subject real estate in which Alice J. Lindig was devised a life estate by her father.

The defendant, George W. Barbee, son of Sarah C Barbee, claims a one-half undivided interest in the east half of the real estate which is the subject of this litigation. The prayer of the petition is that the Court take jurisdiction of this cause under the Uniform Declaratory Judgment Act of Ohio and determine the construction to be placed upon the sixth item of the will. Plaintiffs and defendant agree that the sole issue raised by the pleadings is what interests do the parties hereto take in the real estate in question.

Item Six, the will provision herein to be construed, reads as follows:

"Item Sixth: I will and bequeath that if either of my said daughters, Sarah C. Barbee, Alice J. Lindig or Martha A. Hennis should die without leaving any child or children, or their legal representatives surviving them, then the part of my real estate so devised to such daughter shall be divided equally among the residue of my children then living or their legal representatives."

In order to construe this clause in the will, our essential problem is to determine whether the beneficiaries shall take

per stirpes or per capita. The determining factor in · construing a will and ascertaining whether the beneficiaries shall take per stirpes or per capita is the intention of the testator.

The wide variety of indicia to which courts have looked as manifestations of the testator's intention should serve to convince anyone that there is authority available to sustain the validity of any contention that counsel might care to press. However, in the interest of justice and fairness and looking only to Ohio Law on the question before the Court, there can be only one conclusion in this case: In the absence of a clear manifestation of intention to the contrary, when all the beneficiaries of a testator in a direct line of descent are on an equal degree of relationship to the testator, whether children, grand-children or great-grandchildren, the property shall pass to such persons of equal degree of relationship to the testator in equal parts. Since all but one of the grandchildren of the testator are living, but one is dead, namely, Carl Hennis, the property shall be divided equally among the grandchildren who are living, and to the lineal descendants of Carl Hennis, so that each grandchild of the testator who is living will inherit the share to which he or she would have been entitled if all the grandchildren were living, and the lineal descendants of Carl Hennis, the deceased grandchild, inherit equal parts of that portion of the property to which the deceased grandchild would be entitled if living.

The only manifestation of intention in this will, if it can be called that, is testator's apparent attempt to treat his family equally and fairly. This inference can reasonably be drawn from reading the will as a whole, since testator left out no natural object of his bounty and made equitable distribution, according to his lights, throughout the will. The case of **Bruce, Exr., v. Warren et al, 22 Oh Ap 41, 153 N. E. 273**, ably supports the view that an intention to treat all beneficiaries of the same class alike may be inferred from the other clauses of the will, in the absence of express provision to the contrary.

Defendant argues that the words "or their legal representatives surviving them" in the will makes the devise substitutional. We cannot agree.

As a general rule, where the testator has left undetermined the proportions in which his beneficiaries are to take, the Courts of Ohio, favoring equality, will direct the distribution to be per capita rather than per stirpes, but if the gift is substitutional, as where children are to take their parents' shares, they take per stirpes. **41 O. Jur. 709.**

This Court finds nothing to show that testator intended to

make the devise substitutional. The Court adopts as the law of this case the following statement appearing at **41 O. Jur. 710, note 13:**

"In cases of doubtful construction we may presume that testator intended to treat all members of a class with equality. Where it is proper to indulge the presumption of equality of participation in testator's bounty, a construction should, if possible, be avoided which will cause the provision for one to fail to the consequent enlargement of the shares of others of the same class."

The Court therefore grants judgment to the plaintiffs as prayed for with costs assessed against defendant, and entry may be so drawn.